# EXHIBIT A

# IN THE CHANCERY COURT FOR DAVIDSON COUNTY TENNESSEE

REATA PETROLEUM, LTD.  )
Plaintiff  )
 )
vs.  ) Case No.:
 )
ESM LIMITED  )
WILLIAM F. DIPPOLITO, P.S., INC.  )
WILLIAM F. DIPPOLITO, individually  )
MARTIN BURKE, individually and in his  )
corporate capacity with ESM, Limited.  )
DAVID PRAISE, individually and in his  )
corporate capacity with ESM, Limited.  )
 )
N. KAMANGA MWANGI, individually and)
in his corporate capacity with Kamro  )
Consulting Group, International  )
Corporation, N. Kamanga Mwangi  )
Chairman and CEO; and SaZara  )
Investments.  )

**Defendants**

*08 1901-II*

------

## VERIFIED COMPLAINT

Comes now, Plaintiff Reata Petroleum, Ltd, by and through counsel, and files this

complaint

## PARTIES

1. Plaintiff Reata Petroleum, Ltd. is a professional corporation headquartered in the

   Marshall Islands.

2. Defendant William F. Dippolito, P.S., Inc. ("Dippolito") is a professional corporation

   headquartered in the State of Washington

3. Defendant William F. Dippolito ("Dippolito") is an attorney licensed to practice in the State of Washington who represents ESM, Ltd. And KCGI------ and does business in Tennessee (collectively with William F. Dippolito, P.S., Inc., "Dippolito").

4. Defendant ESM, Ltd. ("ESM") is headquartered in the United Kingdom. Located at 2 Quercus Court, Oakthorpe Road. Oxford 0X2-TBF, Oxford, United Kingdom.

5. Defendant Martin Burke ("Burke") is a resident of the state of Georgia and is Chief Executive Officer of ESM, Limited, and does business in the state of Tennessee

6. Defendant David Praise ("Praise") is a partner in ESM and is a resident of the State of California. Praise is also known as David Praise Edwards, and does business in the State of Tennessee.

7. Kamro Consulting Group International Corporation ("KCGI") is a domestic limited-liability company, and is a company registered in the State of Nevada with its principal office address of PO Box 28909, Las Vegas, NV 89126, which does business in the State of Tennessee.

8. Defendant N. Kamanga Mwangi ("Mwangi") is the Chairman and CEO of KCGI, and upon information and belief is a resident of Michigan, and does business in the State of Tennessee.

9. Defendant SaZara Investments is headquartered in the United Kingdom, and its principal address is located in 145-157 St. John Street, London, EC1V 4PY, United Kingdom.

10. Defendant Mwangi explained that Dippolito, ESM, KCGI, and SaZara Investments work together on transactions, with ESM working as a procurement source for funds, KCGI managing the process, and SaZara Investments acting as the asset manager.

11. The contractual and corporate relationships between ESM, KCGI, Dippolito and SaZara Investments are such that the companies are essentially interchangeable and all are the alter ego of each other.

12. Upon information and belief, ESM, KCGI, Burke, Praise and Mwangi do not observe corporate formalities, including but not limited to the fact that they use each other's bank accounts, and accordingly are the alter ego of each other.

13. Upon information and belief, Dippolito functioned not only as the lawyer for ESM, KCGI, Mwangi, Burke, and Praise, but participated in the procurement of funds with Praise, Burke, and Mwangi.

## JURISDICTION AND VENUE

14. As the alter ego of each other, the contacts of each individual entity are constitutionally cognizable contacts for each other.

15. This case arises out of a contract negotiated and entered into, and Plaintiff executed the contracts between the parties in Nashville, Tennessee.

16. The Court has jurisdiction over the Defendants pursuant to Tenn. Code Ann. §20-2-201, Tenn. Code Ann. §20-20-214, and §21-1-101 et seq.

17. Venue is proper in this Court pursuant to Tenn. Code Ann. §§ 204-4-101 et seq., § 16-11-115, and the laws of the State of Tennessee.

## FACTS

18. As the attached article demonstrates, Defendants apparently all work together in a scheme to defraud investors. They work together to have funds blocked, placed in escrow, and then attempt to utilize those funds that are placed within the escrow.

maximizing their own individual profit. but fail to account for the monies made based on the utilization of the escrowed funds (See Exhibit 1, web article).

19. Consequently, the Defendants all work together for a common goal and with the intent to defraud investors.

20. In furtherance of that goal, Defendant Burke solicited Plaintiff Reata Petroleum, through its counsel, and requested that Plaintiff provide blocked funds in the amount of $2.5 million for the acquisition of a banking instrument, and to compensate Plaintiff, initially $10 million (US), as well as investment program proceeds.

21. To that end, Plaintiff and Defendant ESM entered into an agreement on June 28, 2008 ("Agreement") in which the parties were to share in the distribution of trade profits and credit advances of a line of credit drawn against a Medium Term Note issued by Bayenische Landesbank (the "Instrument").

22. The Agreement was negotiated through, and most significant contacts in the transaction have occurred, in Nashville, Tennessee.

23. The Agreement provided for Plaintiff Reata Petroleum to establish an escrow of $2.5 million.

24. Plaintiff provided the escrow, as evidenced by the attached escrow account bank confirmation email.

25. Messrs. Burke and Praise initially provided several updates and advised Plaintiff that the Instrument had been taken down, was in the process of being taken down, would be taken within the next day or so, etc.

26. Ultimately, Plaintiff learned that the Instrument was never transferred.

27. Prior to that point, Plaintiff had been told that money was forthcoming, would be forthcoming, was in the process of coming, and that money would be paid shortly.

28. Plaintiff states that Defendant Law Offices of William F. Dippolito, P.S., Inc. and William F. Dippolito provided assurances that the funds had been sent to Plaintiff.

29. However, Defendants refused to provide accurate wire information regarding the release of funds.

30. Plaintiff further states that additional attempts to reach Mr. Dippolito and other named defendants have been largely unsuccessful with no explanation of if, when or how the funds will be produced.

31. Likewise, Defendants have not released the block on the escrowed funds.

32. Defendants failed to return Plaintiff's calls, respond to emails, respond to letters.

33. Only under the threat of securities enforcement litigation did Defendants finally consult with Plaintiff regarding the above.

34. At that point, Plaintiff was told that the money would be forthcoming shortly, but in no event later than September 10, 2008.

35. To support that claim, Defendants were to provide a letter from Defendant Dippolito that supported their claims of payment forthcoming.

36. Defendants did not provide the letter.

37. Likewise, Defendants have not provided any supporting documentation from any independent banking source that any payments have been attempted to be made or are in the process of being made.

38. In the interim, Plaintiff's escrowed funds are still being blocked from its own use.

## COUNT I

## CIVIL CONSPIRACY

39. Plaintiff reasserts and realleges all prior pled paragraphs of this Complaint as if fully set forth herein

40. Plaintiff states that all of the above named Defendants are guilty of civil conspiracy through (1) a common design, (2) to accomplish by concerted action an unlawful purpose of defrauding Plaintiff and/or converting his assets, (3) through overt acts in furtherance of the conspiracy, which resulted in (4) injury to the Plaintiff.

## COUNT II

## INTENTIONAL MISREPRESENTATION

41. Plaintiff reasserts and realleges all prior pled paragraphs of this Complaint as if fully set forth herein

42. Plaintiff would state that Defendants, acting individually or in concert, intentionally misrepresented to Plaintiff that Defendant had wired money to Plaintiff.

43. This representation was false.

44. The defendants knew the representations were false, or, in the alternative, made the representations recklessly without knowing if the representation was true or false.

45. Defendant intended that Plaintiff rely upon the representation and act or not act in reliance on it. Plaintiff did not know that Defendant's statements were false and relied upon such statements, which resulted in injury to Plaintiff in an amount to be determined at trial.

## COUNT III

### CONVERSION

46. Plaintiff reasserts and realleges all prior pled paragraphs of this Complaint as if fully set forth herein.

47. Plaintiff states that Defendants, acting individually or in concert, converted the blocked funds for their own use

48. Defendants exercised control and dominion over the personal property (in this case $2.5 million in cash) of Plaintiff by excluding or defying the owner's right, inconsistent with the owner's claim of title.

49. Moreover, upon information and belief, Defendant's profited from the use of the blocked funds.

50. Upon information and belief, Defendant used the blocked funds to initiate an investment program, and has profited from said program.

51. By contract, Plaintiff is entitled to a share of the proceeds from this investment activity.

52. Defendants have failed to provide Plaintiff an accounting of the monies received as a result of the use of the blocked funds, and, despite stating that they were wiring funds, they never did.

53. Plaintiff has been harmed by Defendants actions, and, Defendants are, therefore, liable for all damages out of said conversion.

### COUNT FOUR

### ACCOUNTING

54. Plaintiff reasserts and realleges all prior pled paragraphs of this Complaint as if fully set forth herein.

55. Upon information and belief, Defendants improperly leveraged the blocked escrow funds.

56. Upon information and belief, the blocked funds served as the foundation for an investment program.

57. Defendants benefitted from this program.

58. Defendants had no right to benefit from this program, and Plaintiff is entitled to the profits therefrom.

59. Plaintiff requested an accounting of the investment program and its profits period.

60. Defendants failed to provide an accounting.

61. Plaintiff requested its share of the profits from the investment program and/or the improper leveraging of the blocked escrow funds.

62. Defendants were again unresponsive.

63. Defendant's actions have damaged Plaintiff in an amount to be determined at trial

## COUNT FIVE

## BREACH OF CONTRACT

64. Plaintiff reasserts and realleges all prior pled paragraphs of this Complaint as if fully set forth herein.

65. Plaintiff performed all of its obligations under the contract.

66. Defendants have breached the contract by, among other things, failing to make the payments owed to Plaintiff.

67. Defendants have also breached the covenant of good faith and fair dealing.

68. Defendants have not answered basic questions regarding the status of their transaction, have failed to provide any documentation, and have misrepresented the status of payments repeatedly.

69. Defendant's breaches of contract have damaged Plaintiff in an amount to be determined at trial.

## COUNT SIX
## FRAUD

1. Plaintiff reasserts and realleges all prior pled paragraphs of this Complaint as if fully set forth herein.

2. Defendant by and through its agents made statements to Plaintiff that were untrue, and misrepresented, among other things, the timeliness of payments.

3. Defendants, by their acts and omissions, induced Plaintiff to make available blocked funds.

4. As a result of these fraudulent acts and omissions, Plaintiff has been injured.

5. Plaintiff thus seeks compensatory damages in an amount to be specified at trial and punitive damages for Defendants' willful, intentional, fraudulent, and reckless conduct.

## WHEREFORE, PLAINTIFF PRAYS:

1. That the Court order the escrowed, blocked funds to be unblocked and released to Plaintiff.

2. That the Court order Defendants to pay damages, including compensatory and punitive damages to Plaintiff;

3. That the Court order Defendants to provide Plaintiff an accounting;

4. That court costs, including attorney fees, be awarded to Plaintiff; and

5. For any other and further relief the court deems fair and equitable.

Respectfully Submitted

M. Katherine Everette #021461
144 2nd Ave. N.
Suite 200
Nashville, TN 37201
(615) 244-8665

Sean K. Hornbeck #023197
PO Box 58375
Nashville, TN 37205
(615) 301-8439

# OATH

State of Tennessee )
)
County of Davidson )
)
)

After being duly sworn, I hereby make oath that the facts contained in the foregoing pleading are true to the best of my knowledge, information and belief, and are made in truth and sincerity for the causes mentioned.

Sean K. Hornbeck

State of Tennessee )
)
)
County of Davidson )
)

Sworn to and subscribed before me this the 27th day of August , 2008.

Notary Public

My Commission expires: 3/20/2010

# EXHIBIT 1

mine

**Joined:** Sun Mar 23, 2008
10:35 am
**Posts:** 5

China infrastructure Captial Management (CICM)
1330 Livingston Ave  Section 6
Northbrunswick  NY  08902
+1-732-543-6589

About 10 months ago   and 8 other people invested 12.2M USD with William
(Willie) Lenz of Lenzburg Capital and FAM Holdings  Willie placed our money
in a CICM  HSBC Bermuda bank account under the direction of David Praise
Edwards also just known as David Praise  We were told it was a Blocked
account in which no funds could be moved  We later found out that our
account had been closed and the funds moved to HSBC Hong Kong  We were
told the account was closed pending an investigation in Australia on Gabrial
Pennicott who was conected to CICM and Cynthia Pennicott was a signator
on the HSBC Bermuda account along with CICM CEO YuanQing Liu (Jeff or
Bill)  VP Noel Kamanga Mwangi  We have been told for months that our
funds would be returned  THEY HAVE NOT  ALWAYS MORE EXCUSES!!

i deleted this post for a short time because we were told if we did we would
get our money back  We did not get our money back  We have a one year
contract with Willie  When that year is up we will be going to the FBI  RCMP
interpol  etc

# IN THE CHANCERY COURT FOR DAVIDSON COUNTY

| | |
|---|---|
| REATA PETROLEUM, LTD. ) | |
| Plaintiff ) | |
| ) | |
| vs. ) | |
| ) | Case No.: 08-1901 |
| ESM LIMITED ) | |
| WILLIAM F. DIPPOLITO, P.S., INC. ) | |
| WILLIAM F. DIPPOLITO, individually ) | |
| MARTIN BURKE, individually and in his ) | |
| corporate capacity with ESM, Limited. ) | |
| DAVID PRAISE, individually and in his ) | |
| corporate capacity with ESM, Limited. ) | |
| ) | |
| N. KAMANGA MWANGI, individually and ) | |
| in his corporate capacity with Kamro ) | |
| Consulting Group, International ) | |
| Corporation, N. Kamanga Mwangi ) | |
| Chairman and CEO; and SaZara ) | |
| Investments. ) | |
| ) | |
| Defendants ) | |
| ) | |
| ) | |

## MOTION FOR EXPEDITED WRIT OF POSSESSION AND OTHER INJUNCTIVE RELIEF

Comes now Plaintiff Reata Petroleum Ltd. ("Reata"), by and through counsel, and moves the court for an expedited hearing to order the escrowed, blocked funds to be released to Plaintiff. In support of its motion, Plaintiff submits:

1. This Court has the authority to expedite this process pursuant to, among other statutes and accepted law, Tenn. Code Ann. § 29-30-106.

-1-

2. The Rules of this Court and the relevant authorities give this Court broad powers to permit expedited proceedings in circumstances such as those present here. For example, in the case of oral depositions, Rule 30.02 (3) states that " (t)he Court may for cause shown enlarge or shorten the time for taking [a] deposition."

3. Similarly, Rule 6.02 provides, with regard to time, "[t]he Court for good cause shown, may, in its discretion, with or without motion or notice order the period enlarged."

4. Furthermore, expedited proceedings are frequently ordered. *See, e.g., Gulf W. Indus v. Great Atl. & Pac. Tea Co.*, 476 F.2d 687, 692 (2d Cir. 1973) (two days of deposition held within first four days following filing of complaint).

5. Reata respectfully submits that the exigent circumstances of this case make it highly desirable to shorten the usual time periods.

6. As set forth in the Complaint and evidenced by the attachments, Plaintiff is the rightful owner of $2.5 million in blocked funds, and there is no substantial controversy as to Plaintiff's right of possession.

7. The blocked funds were obtained by fraud and misrepresentation. Moreover, by refusing to release the blocked funds, Defendants are concealing the property.

8. Based on information and belief, Defendants are engaged in a significant number of international investment scams and the funds are likely to be significantly impaired in an attempt to dispose of or remove them from the jurisdiction of this Court.

9. Finally, expedited proceedings will work no hardship or prejudice upon the Defendants in this action. The principal purpose of the time intervals provided by the Rules of this Court between the commencement of an action and the processing of a case is to provide the Defendant with sufficient time in which to procure the counsel and acquaint itself with the facts of the case. Here, Defendants have been working

-2-

with counsel, William F. Dippolito, and they are more than fully aware of the facts of this case as alleged in the Complaint. Cf. 4A J. moore, et al., Moore's Federal Practice ¶ 30.01 [17] at 30-23 (2d ed. 1987)

10. Moreover, time is of the essence in this matter. Plaintiff is being denied the use of its $2.5 million in funds due to the fact that they are blocked in favor of Defendant ESM Limited.

11. Plaintiff has recently learned of the fraud alleged in the Complaint and reasonably believes Defendant(s) may be attempting to utilize the international banking system to impair the use of Plaintiff's funds.

12. Defendants have not provided any supporting documentation from any independent banking source that any payments have been made or have attempted to be made.

13. Defendants have agreed to release the blocked funds on a number of occasions, have breached those agreements, and have failed to act in good faith.

14. Plaintiff reasonably believes that if the blocked funds are not immediately released to Plaintiff or to the Court, they may be impaired.

15. Plaintiff has learned that the Defendants are under investigation with the SEC and have engaged in this behavior previously with others apparently losing access to their funds. See Exhibit 1 to the Complaint.

16. For all the foregoing reasons, Plaintiff's motion for expedited proceedings should be granted, and the proposed Order attached hereto as Exhibit A should be entered.


WHEREFORE PLAINTIFF PRAYS:


1. That Plaintiff be granted injunctive relief and Defendants be ordered to release the blocked funds to Plaintiff.

2. That the discovery process be expedited and that a hearing be set by the court at times as soon as practicable.

3. For any other and further relief the Court deems fair and proper.

Respectfully Submitted,

M. Katherine Everette #21641
144 Second Avenue North, Suite 300
Nashville, TN 37201
(615) 726-0915

# IN THE CHANCERY COURT FOR DAVIDSON COUNTY

REATA PETROLEUM, LTD. )
Plaintiff )
)
vs. )
) **Case No.: 08-1901**
ESM LIMITED )
WILLIAM F. DIPPOLITO, P.S., INC. )
WILLIAM F. DIPPOLITO, individually )
MARTIN BURKE, individually and in his )
corporate capacity with ESM, Limited. )
DAVID PRAISE, individually and in his )
corporate capacity with ESM, Limited. )
)
N. KAMANGA MWANGI, individually and )
in his corporate capacity with Kamro )
Consulting Group, International )
Corporation, N. Kamanga Mwangi )
Chairman and CEO; and SaZara )
Investments. )
)
Defendants )
)
)

## NOTICE FOR CLARIFICATION OF DEFENDANTS

1. ESM LIMITED

2. WILLIAM F. DIPPOLITO, P.S., INC.

3. WILLIAM F. DIPPOLITO, individually

4. MARTIN BURKE, individually and in his corporate capacity with ESM, Limited.

5. DAVID PRAISE, individually and in his corporate capacity with ESM, Limited.

6. KAMRO CONSULTING GROUP, INTERNATIONAL CORPORATION.

7. N. KAMANGA MWANGI, individually and in his corporate capacity with Kamro Consulting Group, International Corporation.

8. SAZARA INVESTMENTS

Respectfully Submitted.

M. Katherine Everette  #21641
144 Second Avenue North, Suite 300
Nashville, TN 37201
(615) 726-0915

Sean K. Hornbeck
3200 West End Avenue, Suite 500
Nashville, TN 37203
(615) 301-8439

# COPY

REATA PETROLEUM, LTD.

Plaintiff

vs.

ESM LIMITED, et al.

Defendants

)
)
)
)
) Case No.: 08-1901-II
)
)
)
)

FILED
2008 SEP -5 AM 9:27
CLERK & MASTER
DAVIDSON CO. CHANCERY CT.
D.C. & M.

## STIPULATED AGREED ORDER

WHEREAS, the parties wish to alleviate the need for at least some litigation expense and burden;

IT IS HEREBY ORDERED AND ADJUGDED:

Kamro Consutling Group Internatioal Corporation, through its Chief Executive Officer and Chairman N. Kamanga Mwangi, and N. Kamanga Mwangi hereby agree to release the $2.5 million of blocked funds, and any profit derived therefrom, to Plaintiff on or before September 10, 2008.

**IT IS SO ORDERED.**

ENTERED THIS _____ DAY OF _____ 2008.

Chancellor Carol McCoy

APPROVED FOR ENTRY:

_M. Katherine Everette_

M. Katherine Everette (#021461)
144 Second Ave. North
Suite 200
Nashville, TN 37201
(615) 244-8665

_Sean Hornbeck_

Sean Hornbeck (#023197)
3200 West End Ave.
Nashville, TN 37203
(615) 301-8439

Attorneys for Plaintiff

_____
Kamro Consulting Group International Corp.

_____
N. Kamanga Mwangi

IN THE CHANCERY COURT FOR DAVIDSON COUNTY

REATA PETROLEUM, LTD.
Plaintiff

vs

ESM LIMITED, et al.

Case No.: 08-1901

Defendants

## DEFENDANT MWANGI'S MOTION FOR MODIFICATION OF THE

## STIPULATED AGREED ORDER

Comes now Defendant N. Kamanga Mwangi ("Mwangi") and moves the court for an order modifying the court's prior September 5, 2008 stipulated agreed order, releasing Plaintiff's blocked funds. In support of its motion, Defendant submits:

1    That Defendant was delayed in taking certain steps due to unexpected and immediate
     hospitalization

2    Defendant has now taken all steps to perfect the release of the funds

3    Upon information and belief, Defendant has been informed that it may take an
     additional 48 banking hours with the banks, until Monday, September 15, 2008, to
     perfect the release of the funds.

4    Defendant shall provide proof of any and all proceeds and profits related to the
     blocked escrowed funds simultaneous with the release

Respectfully Submitted,

N. Kamanga Mwangi

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been forwarded via U S mail, postage pre-paid and e-mail to all parties on this 9th day of September 2008

_____
N Kamanga Mwangi

# IN THE CHANCERY COURT FOR DAVIDSON COUNTY TENNESSEE

REATA PETROLEUM LTD )
Petitioner )
)
vs )  Case No.: 08-1901 –II
)
N. KAMANGA MWANGI )
Respondent )
)
)
)

FILED
2008 SEP 29 AM 9:43
CLERK & MASTER
DAVIDSON CO. CHANCERY CT.
D.C.& M.

## PETITION FOR CONTEMPT

Comes now, Petitioner Reata Petroleum and petitions this court to hold Respondent Kamanga Mwangi in willful contempt of this court and asks that he be imprisoned until he performs the acts ordered by this court.

In support of its motion, Petitioner would state as follows:

1. This Court has the authority to punish contempt under Tenn. Code Ann. § 29-9-101, Tenn. Code Ann. § 102, and other Tennessee law.

2. Tennessee law has long held that the Court has the power to treat nonperformance as contempt and to imprison the willfully nonperforming person until he performs. (*Loy v Loy*, 222 S.W.2d, 873 (**COURT YEAR**); Tenn. Code Ann. § 29-9-104).

3. This Court has the authority to expedite this process pursuant to, among other statutes and accepted law, Tenn. Code Ann. § 29-30-106.

4. Respondent Mwangi entered into a stipulated agreed order with Petitioner on September 5, 2008. The stipulated agreed order specified that Mwangi would "release $2.5 million of blocked funds, and any profit derived therefrom, to Plaintiff on or before September 10, 2008."

5. Respondent filed a motion with this court on September 10, 2008 in which he requested a modification of the Stipulated Agreed Order to extend time for his performance to September 15, 2008.

6. The motion was not set and was never before the court.

7. As of the current date, Respondent has not released the funds, has not released any profit derived from the uses of said funds, and has willfully violated the Stipulated Agreed Order.

WHEREFORE PETITIONER PRAYS

1. That Respondent be ordered to appear before this court.

2. That this Court require Respondent to either comply with the terms of the Stipulated Agreed Order or imprisoned until he performs.

3. That the Court issue its Order and hold a Contempt hearing on an expedited basis due to the egregious conduct of the Respondent and the increasing danger that he will abscond with Petitioner's funds

Respectfully submitted,

M. Katherine Everette (021461)
Sean K. Hornbeck
144 Second Avenue North
Suite 200
Nashville, TN 37201
Phone: (615) 244-8665
Facsimile: (615) 244-8667

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been forwarded via U.S. mail, postage pre-paid to Kamanga Mwangi c/o Kamro Consulting Group International Corporation, PO Box 28909, Las Vegas, NV 89126.

M. Katherine Everette

# IN THE CHANCERY COURT FOR DAVIDSON COUNTY, TENNESSEE

REATA PETROLEUM, LTD. )
)
        Plaintiff, )
)
v. )      Case No. 08:1901
)
ESM LIMITED, )
WILLIAM F. DIPPOLITO, P.S., INC., )
WILLIAM F. DIPPOLITO, individually, )
MARTIN BURKE, individually and in )
his corporate capacity with ESM, Limited,)
DAVID PRAISE, individually and in his )
corporate capacity with ESM, Limited, )
N. KAMANGA MWANGI, individually, )
and in his corporate capacity with Kamro )
Consulting Group, International )
Corporation, N. Kamanga Mwangi, )
Chairman and CEO; and )
SaZara Investments, )
)
        Defendants. )
)
and )
)
HARISH RAGHAVAN, )
)
        Plaintiff, )
)
v. )
)
SEAN HORNBECK, )
)
        Defendant. )

## VERIFIED COMPLAINT IN INTERVENTION

    Comes now the Intervening Plaintiff, Harish Raghavan, and for his Verified

Complaint in Intervention against Sean Hornbeck, Esq., alleges as follows:

    1    Intervening Plaintiff Harish Raghavan is a resident of New York, New

York.

2.     Intervening Defendant, Sean Hornbeck, Esq., is a resident of Davidson County, Tennessee. Mr. Hornbeck is an attorney licensed to practice law in the State of Tennessee. Mr. Hornbeck has previously entered an appearance in this case as counsel of record for plaintiff Reata Petroleum, Ltd.

3.     On or about June 30, 2008, Mr. Raghavan caused to be wired into Mr. Hornbeck's Trust Account the sum of $2,500,000. That $2,500,000 is the money referred to in the Verified Complaint Mr. Hornbeck filed on behalf of Reata Petroleum. The transaction that is the subject of the Initial Complaint in this case is known as the ESM transaction.

4.     On or about July 9, 2008, Mr. Raghavan caused to be wired into Mr. Hornbeck's Trust Account the additional sum of $3,000,000. That money was to be invested in a transaction similar to the transaction detailed in the Verified Complaint, known as the Solsticium transaction.

5.     Those funds were initially wired into Mr. Hornbeck's Trust Account at Wachovia Bank in Nashville, Tennessee.

6.     At some point after the funds had been wired into Mr. Hornbeck's Trust Account with Wachovia, Mr. Hornbeck called Mr. Raghavan and sought permission to move the funds to a Trust Account Mr. Hornbeck purportedly maintains with Credit Suisse Bank in New York, New York. Mr. Hornbeck told Mr. Raghavan he was concerned about Wachovia's financial stability and so wanted to move the funds to a larger institution. Although skeptical of the concerns, Mr. Raghavan ultimately consented to the transfer of the funds to what he understood was Mr. Hornbeck's Trust Account with Credit Suisse.

7    As of today's date, Mr. Raghavan has received no accounting with respect to either of the investments, despite repeated requests to, and repeated promises from, Mr. Hornbeck that such accountings were forthcoming.

8.    After becoming concerned about the status of the two investments and the fate of the $5,500,000, Mr. Raghavan repeatedly sought assurances from Mr. Hornbeck that the $5,500,000 remained on deposit in Mr. Hornbeck's Trust Account.

9    In late August, 2008, Mr. Hornbeck sent Mr. Raghavan an e-mail "confirming" for Mr. Raghavan that the funds were in Mr. Hornbeck's account. According to Mr. Hornbeck, the funds are located in his Trust Account with Credit Suisse Bank in New York, New York.

10    On August 27, 2008, Mr. Hornbeck filed the Verified Complaint in this case seeking return of the $2,500,000 "invested" in the ESM transaction. That Verified Complaint alleged that those funds were contained within an escrow account. The escrow account referenced in the Verified Complaint is, or is supposed to be, Mr. Hornbeck's Trust Account.

11    Since the Verified Complaint has been filed, Mr. Raghavan has repeatedly asked Mr. Hornbeck to provide independent verification from Credit Suisse that the funds remain in Mr. Hornbeck's Trust Account. To date, Mr. Hornbeck has not complied with those requests and demands for independent verification that the $5,500,000 remains in his Trust Account at Credit Suisse.

12    Mr. Hornbeck has now retained counsel to represent him and has ceased communicating directly with Mr. Raghavan. Mr. Raghavan's counsel has repeatedly

sought independent confirmation as to the status of the funds. Mr. Hornbeck's counsel has answered with e-mails that avoid responding to those requests.

13.   Mr. Hornbeck received the $5,500,000 from Mr. Raghavan in his capacity as Mr. Raghavan's attorney and Mr. Hornbeck transferred the funds into Mr. Hornbeck's Trust Account that was established and maintained pursuant to the requirements of Rule 1.15 of the Tennessee Rules of Professional Conduct. Mr. Hornbeck also stands as a fiduciary to Mr. Raghavan with respect to the escrowed funds. Mr. Raghavan has repeatedly requested an accounting of those funds, as required by Rule 1.15 and the law governing fiduciaries, but Mr. Hornbeck has refused to provide any such accounting.

14.   Mr. Hornbeck has filed more than one pleading in this case in which he has asserted the likelihood that one or more of the Defendants will abscond with the invested funds. The most recent pleading is the "Petition for Contempt" that was filed on September 29, 2008, but which apparently has not been set for a hearing.

## Count I: Request for Injunctive Relief

15.   Mr. Raghavan asks the Court to grant a temporary injunction against Mr. Hornbeck requiring Mr. Hornbeck to provide independent confirmation that the $5,500,000 remain on deposit in Mr. Hornbeck's Trust Account with Credit Suisse Bank and that no one other than Mr. Hornbeck has authority to remove these funds from the account. Mr. Raghavan also seeks a temporary injunction enjoining Mr. Hornbeck from taking any action with respect to the funds that may impair those funds pending further Orders of the Court.

16.   The Court should waive the requirement for an injunction bond because Mr. Hornbeck can suffer no cognizable harm from the injunction.

## Count II: Accounting

17     Mr. Hornbeck has a duty to account to Mr. Raghavan for the funds by virtue of his obligation under Rule 1.15(b) of the Tennessee Rules of Professional Conduct. Mr. Hornbeck also has a duty to account to Mr. Raghavan because Mr. Hornbeck stands in a fiduciary relationship with Mr. Raghavan with respect to the funds.

18     Mr. Raghavan sues for a detailed accounting from Mr. Hornbeck with respect to the $5,500,000 that is, or is supposed to be, in Mr. Hornbeck's Trust Account including the current location of the funds, and a description of all actions that have been taken with respect to the funds from the dates they were transferred to Mr. Hornbeck until the present day.

WHEREFORE, premises considered, Mr. Raghavan prays for the following relief for Mr. Hornbeck:

1.     A Temporary Injunction as described in ¶ 15;

2.     A detailed accounting of the $5,500,000;

3.     Intervening Plaintiff's costs; and

4.     Any other relief this Court might deem just and proper.

Respectfully submitted,

**NEAL & HARWELL, PLC**

By: _____
       Philip N. Elbert, No. 09430
       W. David Bridgers, No 016603
150 Fourth Avenue North
Suite 2000
Nashville, TN 37219
(615) 244-1713

Counsel for Plaintiffs

## VERIFICATION

STATE OF NEW YORK    )
                     )
COUNTY OF New York   )

I, Harish Raghavan, having been duly sworn, do hereby affirm that the facts

alleged in this Verified Complaint are true and correct

_____
Harish Raghavan

Sworn to and subscribed before me this 10th day of October 2008

ERIC SCOTT KOSTA
NOTARY PUBLIC STATE OF NEW YORK
No. 02KO6171416
Qualified in New York County
My Commission Expires July 23, 2011

_____
Notary Public

My Commission Expires: _____

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion has been served by hand delivery, on the following:

M. Katherine Everette, Esq.
144 Second Avenue North, Suite 300
Nashville, TN 37201

William Caldwell Hancock, Esq.
102 Woodmont Blvd., Suite 200
Nashville, TN 37205

Counsel for Sean Hornbeck

Sean Hornbeck, Esq.
3200 West End Avenue
Suite 500
Nashville, TN 37203

this the 10ᵗ day of October, 2008.

# VERIFICATION

STATE OF NEW YORK )
)
COUNTY OF New York )

I. Harish Raghavan, having been duly sworn, do hereby affirm that the facts alleged in this Verified Complaint are true and correct.

_____
Harish Raghavan

Sworn to and subscribed before me this 10th day of October 2008.

ERIC SCOTT KOSTA
NOTARY PUBLIC-STATE OF NEW YORK
No. 02KO6171416
Qualified in New York County
My Commission Expires July 23, 2011

My Commission Expires: _____

_____
Notary Public

## IN THE CHANCERY COURT FOR DAVIDSON COUNTY, TENNESSEE

| | |
|---|---|
| REATA PETROLEUM, LTD. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 08:1901 |
| ) | |
| ESM LIMITED, ) | |
| WILLIAM F. DIPPOLITO, P.S., INC., ) | |
| WILLIAM F. DIPPOLITO, individually, ) | |
| MARTIN BURKE, individually and in ) | |
| his corporate capacity with ESM, Limited,) | |
| DAVID PRAISE, individually and in his ) | |
| corporate capacity with ESM, Limited, ) | |
| N. KAMANGA MWANGI, individually, ) | |
| and in his corporate capacity with Kamro ) | |
| Consulting Group, International ) | |
| Corporation, N. Kamanga Mwangi, ) | |
| Chairman and CEO; and ) | |
| SaZara Investments, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| and ) | |
| ) | |
| HARISH RAGHAVAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| SEAN HORNBECK, ) | |
| ) | |
| Defendant. ) | |

## EXPEDITED MOTION OF HARISH RAGHAVAN TO INTERVENE, TO JOIN SEAN HORNBECK AS A DEFENDANT, AND FOR A TEMPORARY INJUNCTION AGAINST SEAN HORNBECK

Harish Raghavan moves the Court for the following relief on an expedited basis:

1.     Mr. Raghavan seeks to intervene as a Plaintiff in this action as a matter of right pursuant to Tenn. R. Civ. P. 24.01, because Mr. Raghavan caused to be transferred

to Mr. Hornbeck the $2,500,000 in funds that are the subject of the Verified Complaint that was previously filed in this case. In addition, Mr. Raghavan caused to be transferred to Sean Hornbeck $3,000,000 in funds that were invested in a similar transaction;

      2.     Mr. Raghavan also seeks to join Sean Hornbeck, Esq., who has appeared as counsel of record for plaintiff Reata Petroleum, Ltd. in this case as a party Defendant for the purpose of securing injunctive relief against Mr. Hornbeck with respect to the location and status of the $5,500,000; and

      3.     Mr. Raghavan seeks a temporary injunction against Mr. Hornbeck requiring Mr. Hornbeck to: a) provide Mr. Raghavan with an immediate accounting for the $5,500,000 of Mr. Raghavan's money that Mr. Hornbeck claims to be holding in escrow for Mr. Raghavan in Mr. Hornbeck's IOLTA Trust Account; b) provide independent verification from Credit Suisse, the bank in which those funds purportedly are being held, that the funds actually are in Mr. Hornbeck's Trust Account; and c) enjoining Mr. Hornbeck from taking any action with respect to the funds pending further orders of this Court.

The grounds for those Motions are set forth in the accompanying Memorandum of Law.

Respectfully submitted,

NEAL & HARWELL, PLC

By: _____

Philip N. Elbert, No. 09460
W. David Bridgers, No 016603

150 Fourth Avenue North
Suite 2000
Nashville, TN 37219
(615) 244-1713

Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion has been served by hand

delivery, on the following:

M. Katherine Everette, Esq.
144 Second Avenue North, Suite 300
Nashville, TN 37201

William Caldwell Hancock, Esq.
102 Woodmont Blvd., Suite 200
Nashville, TN 37205

Counsel for Sean Hornbeck

Sean Hornbeck, Esq.
3200 West End Avenue
Suite 500
Nashville, TN 37203

this the 10th day of October, 2008

# IN THE CHANCERY COURT FOR DAVIDSON COUNTY, TENNESSEE

REATA PETROLEUM, LTD. )
)
    Plaintiff, )
)
v. )       **Case No. 08:1901**
)
ESM LIMITED, )
WILLIAM F. DIPPOLITO, P.S., INC., )
WILLIAM F. DIPPOLITO, individually, )
MARTIN BURKE, individually and in )
his corporate capacity with ESM, Limited.)
DAVID PRAISE, individually and in his )
corporate capacity with ESM, Limited, )
N. KAMANGA MWANGI, individually, )
and in his corporate capacity with Kamro )
Consulting Group, International )
Corporation, N. Kamanga Mwangi, )
Chairman and CEO; and )
SaZara Investments, )
)
    Defendants. )
)
and )
)
HARISH RAGHAVAN, )
)
    Plaintiff, )
)
v. )
)
SEAN HORNBECK, )
)
    Defendant. )

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO INTERVENE, TO JOIN SEAN HORNBECK AS A DEFENDANT AND FOR A TEMPORARY INJUNCTION AGAINST SEAN HORNBECK

### Introduction

Harish Raghavan has moved the Court for relief on an expedited basis permitting

Mr. Raghavan to intervene as a Plaintiff in this matter, joining Sean Hornbeck as a

Defendant in this matter, and granting Mr. Raghavan a temporary injunction against Mr. Hornbeck.

In support of the Motion, Mr. Raghavan would show as follows:

## Relevant Facts

On or about June 30, 2008, Mr. Raghavan caused to be wired into Mr. Hornbeck's IOLTA Account the sum of $2,500,000. That $2,500,000 is the money referred to in the Verified Complaint that Mr. Hornbeck filed on behalf of Reata Petroleum. Complaint in Intervention at ¶ 3.

On or about July 9, 2008, Mr. Raghavan caused to be wired into Mr. Hornbeck's IOLTA Account an additional sum of $3,000,000. That $3,000,000 was to be handled by Mr. Hornbeck in a similar fashion as the $2,500,000 to be used in a transaction similar to the ESM Transaction, which transaction was referred to as the Solsticium transaction. Complaint in Intervention at ¶ 4.

As of today, Mr. Raghavan has received no accounting with respect to either investment. Complaint in Intervention at ¶ 7.

In late August 2008, Mr. Hornbeck sent to Mr. Raghavan the e-mail affirming that Mr. Raghavan's $5,500,000 remained in Mr. Hornbeck's Trust Account. Since that time, Mr. Raghavan has repeatedly asked Mr. Hornbeck and his counsel for independent verification that the funds remain on deposit in Mr. Hornbeck's Trust Account. Complaint in Intervention at ¶¶ 11. To date, Mr. Hornbeck has refused to provide that verification. Complaint in Intervention at ¶ 11.

**Discussion**

1.  **Mr. Raghavan Should Be Permitted to Intervene as a Plaintiff as a Matter of Right.**

Rule 24.01 of the Tennessee Rules of Civil Procedure provides that upon timely application, a party shall be entitled to intervene when "the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties." As the Verified Complaint makes clear, Mr. Raghavan clearly has an interest in the property at issue since he caused to be wired to Mr. Hornbeck the $2,500,000 that is the subject of the lawsuit. Mr. Raghavan's interest in the money will be impaired unless he is permitted to intervene because while Mr. Raghavan caused the entire $2,500,000 over which Reata Petroleum filed the Verified Complaint to be wired into Mr. Hornbeck's account, Mr. Raghavan has no current right to control the activities of Reata Petroleum, Ltd. More importantly, Reata Petroleum is represented in this matter by Mr. Hornbeck, who has ceased communicating with Mr. Raghavan and who has refused Mr. Raghavan's repeated demands for information about the status of the $5,500,000. Unless Mr. Raghavan is permitted to intervene, his ability to protect or recover the $5,500,000 will be severely compromised. Therefore, Mr. Raghavan should be permitted to intervene as a Plaintiff in this matter.

2.  **Mr. Hornbeck Should Be Joined as a Defendant For Purposes of Mr. Raghavan's Claims for Injunctive Relief.**

Rule 19.01 of the Tennessee Rules of Civil Procedure provides that a person who is subject to service of process shall be joined as a party if in the person's absence

complete relief cannot be accorded among those already parties. Mr. Hornbeck is subject to service of process in this Court. Indeed, he personally verified and filed, as co-counsel of record, the Verified Complaint that was filed in this action. Because the funds Mr. Raghavan invested purportedly are being held in Mr. Hornbeck's Trust Account, neither Reata Petroleum nor Mr. Raghavan can secure complete relief unless Mr. Hornbeck is added as a defendant for the purposes of seeking injunctive relief with respect to the location and status of the funds. Therefore, this Court should add Mr. Hornbeck as a party defendant.

3.     **This Court Should Issue a Temporary Injunction Directing Mr. Hornbeck to Provide Independent Confirmation that Mr. Raghavan's $5,500,000 remains in Mr. Hornbeck's Trust Account, that No One other than Mr. Hornbeck May Access Those Funds, and Directing Mr. Hornbeck to Take No Action With Respect to the Funds That May Impair Those Funds.**

Rule 65.04 of the Tennessee Rules of Civil Procedure states that a temporary injunction may be granted during the pendency of an action if the movant clearly shows that the movant's rights are being violated and the movant will suffer immediate and irreparable injury pending a final judgment in the action. The Verified Complaint filed on August 27, 2008, the "Motion for Expedited Writ of Possession and Other Injunctive Relief," and the "Petition for Contempt," all of which Mr. Hornbeck filed in this action, make clear that Mr. Raghavan may suffer immediate and irreparable injury. Indeed, Paragraph 6 of the "Motion for Expedited Writ" alleges that "Defendants are engaged in a significant number of international investment scams and the funds are likely to be significantly impaired in an attempt to dispose of or remove them from the jurisdiction of this Court."

The concerns that Mr. Hornbeck and his co-counsel referenced in the Verified Complaint and the "Motion for Expedited Writ" are heightened by the fact that the $2,500,000 has not been released, despite the fact that Mr. Hornbeck secured a "Stipulated Agreed Order" with two of the Defendants stating that the $2,500,000 would be released by September 10, 2008, *see* Stipulated Agreed Order, and despite the fact that defendant Mwangi thereafter purportedly filed a Motion for Modification of that Agreed Order, which stated that the funds would be released by September 15, 2008. That date has now come and gone.

After both of those dates passed without the release of funds, Mr. Raghavan sought from Mr. Hornbeck independent assurance that Mr. Raghavan's funds remained on deposit in Mr. Hornbeck's Trust Account. Complaint in Intervention at ¶ 11. Mr. Hornbeck, who is now acting through counsel, has refused these repeated requests for verification of the status of the funds. Instead, Mr. Hornbeck's counsel has provided a series of carefully worded responses that carefully avoid stating whether Mr. Hornbeck even has control of the funds, despite the fact that Mr. Hornbeck had previously assured Mr. Raghavan that the funds remained in his Trust Account. Mr. Hornbeck's refusal to provide Mr. Raghavan independent confirmation that the funds remain in Mr. Hornbeck's Trust Account, as the Escrow Agreements provided, confirms the high likelihood that the funds have been, or in the immediate future will become, "significantly impaired."

Moreover, Mr. Hornbeck cannot be prejudiced in any way by an Order directing him to provide an accounting of the funds, including an independent verification from Credit Suisse that the funds remain in Mr. Hornbeck's account, and by an Order

enjoining Mr. Hornbeck from taking any steps to impair the funds pending further orders of the Court.

For those reasons, the Court should enter just such a temporary injunction.

Respectfully submitted,

**NEAL & HARWELL, PLC**

By: _____

Philip N. Elbert, No. 09430
W. David Bridgers, No 016603
150 Fourth Avenue North
Suite 2000
Nashville, TN 37219
(615) 244-1713

Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion has been served by hand delivery, on the following:

M. Katherine Everette, Esq.
144 Second Avenue North, Suite 300
Nashville, TN 37201

William Caldwell Hancock, Esq.
102 Woodmont Blvd., Suite 200
Nashville, TN 37205

Counsel for Sean Hornbeck

Sean Hornbeck, Esq.
3200 West End Avenue
Suite 500
Nashville, TN 37203

this the 10th day of October, 2008.